IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHERRINGTON ASIA LIMITED,  )
                           )
            Plaintiff,     )
                           )
v.                         )    Case No. 05-1214-MLB
                           )
A & L UNDERGROUND, INC.,   )
                           )
            Defendant.     )
_____)

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Transfer Venue of Action from Wichita to Kansas City (Doc. 11), seeking an intra-district transfer of the place of trial from Wichita to Kansas City. Plaintiff filed a response (Doc. 13), arguing that transfer is improper because there is not enough justification for transfer to overcome the deference afforded to Plaintiff's choice of forum. Defendant replied. (Doc. 14.)

## BACKGROUND

Plaintiff, Cherrington Asia Limited, filed suit against Defendant, A & L Underground, Inc., for breach of contract relating to an alleged joint venture between Plaintiff and Defendant. Plaintiff alleges that the parties entered into an unwritten joint venture to bid on underground drilling jobs in Iraq, and Defendant subsequently refused to honor the agreement or memorialize it in writing, resulting

in the unjust enrichment of Defendant. In its Complaint, Plaintiff designated Wichita, Kansas as the place for trial.

Plaintiff is a Hong Kong Corporation with no other connections to Kansas. Defendant is a Kansas corporation with its headquarters in Lenexa, Kansas, a suburb of Kansas City, Kansas. Plaintiff and Defendant met one time at Defendant's headquarters to discuss a possible joint venture for a construction project in Bangladesh, but the discussions regarding the alleged Iraq joint venture were held in Alvin, Texas, and in Kuwait. (Doc. 1 at ¶¶ 7, 10.) Nearly all of the work relating to the alleged joint venture apparently occurred in and around Iraq, Kuwait, and the United Arab Emirates. (Doc. 1 at ¶ 8.) No work relating to the alleged joint venture was conducted in Kansas.

## DISCUSSION

Defendant argues that Kansas City is the logical and convenient venue for trial because it is the place of employment for some of Defendant's employees who are potential witnesses in this case, Defendant's counsel is in Kansas City, and Plaintiff's counsel has offices in Kansas City.[1] Plaintiff argues that there are no identified witnesses at this point for whom Kansas City is a more convenient

---

[1] Plaintiff's counsel's main office is in Wichita, Kansas, and all of the attorneys of record for Plaintiff in this case practice in the Wichita office.

location. In fact, Plaintiff argues that most of the relevant witnesses are probably located outside of the country. Accordingly, the difference in burden between trial in Wichita and Kansas City is *de minimis* and insufficient to overcome the deference in favor of Plaintiff's choice of forum.

### A.      MAGISTRATE'S AUTHORITY TO ORDER AN INTRA-DISTRICT TRANSFER

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and decide matters that are nondispositive in nature subject to review by the district court under a clearly erroneous standard. The Court believes this motion to be a nondispositive matter upon which it may rule subject only to deferential review.

Although no case from the Tenth Circuit has ruled on this precise issue, case law from the Tenth Circuit and other circuits strongly suggests that motions for intra-district transfer are nondispositive in nature. In ***Ocelot Oil Corp. v. Sparrow Industries,*** 847 F.2d 1458, 1462 (10th Cir. 1988), the Tenth Circuit held that a magistrate judge was not permitted to impose the discovery sanction of striking the plaintiff's pleadings with prejudice because such sanction had the practical effect of dismissing the plaintiff's suit and preventing it from further pursuing its action. Later, in ***First Union Mortg. Corp. v. Smith***, 229 F.3d 992 (10th Cir. 2000), the Tenth Circuit held that a magistrate did not have authority to remand a case to state court. In ***Smith***, the court again likened the magistrate's order to a dismissal,

reasoning that a "remand order is a final decision in the sense that it is dispositive of all the claims and defenses in the case as it banishes the entire case from the federal court." *Id*. at 996 (quotations and citations omitted) (emphasis added).

The present motion cannot be likened to a motion to dismiss because an intra-district transfer neither prevents any party from pursuing its claims nor banishes either party from federal court. Indeed, granting such motion would not even banish the parties from this judicial district, but would only change the place of trial (and possibly the presiding judge) within this district. The Court does not believe that such an action can reasonably be considered dispositive. *See e.g.,* **Third Millennium Technologies, Inc. v. Bentley Systems, Inc.**, Case No. 03-1145, 2003 WL 22003097, at *1–2 (D. Kan. Aug. 21, 2003) (Bostwick, Magistrate J.) (holding that a motion to stay proceedings pending arbitration was not dispositive in nature because the federal court retained authority to review the arbitration award and the parties were, accordingly, not banished from federal court); *see also* **Bitler v. A.O. Smith Corp**, Case No. 98-1897, 2001 WL 1579378 (D. Colo. Dec. 10, 2001) (Magistrate Judge Boland issuing an "Order" denying a motion for intra-district transfer without discussion of magistrate authority to do so); *cf.* **Blinzler v. Marriott Intern., Inc.,** 857 F.Supp. 1, 2 (D.R.I.1994) (holding that a motion to transfer venue is a nondispositive matter) (citations omitted).

**B.      INTRA-DISTRICT TRANSFER**

D. Kan. Rule 40.2 requires the parties to file a request stating the name of the city where it desires the trial to be held, but also provides that '"[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering intra-district transfer, courts in this district have generally looked to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).

Under section 1404(a), the Court should consider (1) Plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that make a trial easy, expeditious, and economical. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515–16 (10th Cir. 1991); ***Lavin v. The Lithibar Co.***, Case No. 01-2174, 2001 WL 1175096, at *1 (D. Kan., Sept. 19, 2001). There is a strong presumption in favor of the Plaintiff's choice of forum. ***Lavin***, 2001 WL 1175096, at *1–2. Defendant has the burden of proving that Plaintiff's choice of forum is inconvenient, and unless the balance is strongly in favor of Defendant, the Plaintiff's choice of forum should rarely be disturbed. *Id*. at *1. Cases are generally not transferred between cities except for the most compelling reasons. ***Bauer v. City of De Soto, Kan.***, Case No. 04-4027,

5

2004 WL 2580790, *1 (D. Kan. Nov. 3, 2004) (citations omitted).

In this case, Defendant's justification for overruling Plaintiff's choice of forum is that Kansas City is more convenient for Defendant's counsel, nearly as convenient for Plaintiff's counsel, and possibly more convenient for some witnesses. At this point in the case, Defendant is unable to specify a single witness for whom Kansas City is substantially more convenient. Furthermore, the Court gives little weight to the fact that Defendant has chosen Kansas City counsel. Accordingly, the Court is unable to find, at this early stage in the litigation, that Kansas City is a sufficiently more convenient venue for trial to justify a transfer. *See* **Lavin**, at *2 (declining an intra-district transfer where most of the probable witnesses were outside of Kansas and the defendant failed to provide a list of witnesses who would be inconvenienced by the plaintiff's chosen forum). Therefore, the Court will deny the transfer request without prejudice to later renewal[2] if the Defendant is able to provide more concrete evidence that Kansas City is, in fact, a substantially more convenient forum for trial than Wichita.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Venue of Action from Wichita to Kansas City (Doc. 11) is DENIED without

---

[2] Defendant will not be disadvantaged by having the pretrial activities conducted in Wichita particularly now that filings in federal court are made electronically and many pretrial proceedings are conducted by telephone.

prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 14th day of October, 2005.

                                                s/ Donald W. Bostwick
                                                DONALD W. BOSTWICK
                                                United States Magistrate Judge