# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHERRINGTON ASIA LIMITED,

*Plaintiff*,

vs.

Case No. 05-1214-EFM

A&L UNDERGROUND, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Cherrington Asia Limited ("CAL") filed its suit against Defendant A & L Underground, Inc. ("A & L") alleging that the parties entered into an oral contract and joint venture. The case was tried to a jury over six days. After deliberating, the jury found that Plaintiff and Defendant entered into a contract and that Plaintiff was owed twenty percent of the profits totaling $2,819,667.60. The jury also found that CAL and A & L entered into a joint venture and that A & L breached its fiduciary duty to CAL, but the jury did not award any damages to CAL for A & L's breach of fiduciary duty. The matter now comes before the Court on Defendant's motion for a new trial and stay of execution (Doc. 152). For the reasons set forth below, the motion is denied.

**I. Standard of Review**

Defendant has moved for a new trial pursuant to Fed. R. Civ. P. 59. Motions for a new trial are committed to the sound discretion of the trial court.[1] They are "not regarded with favor and should only be granted with great caution."[2] In reviewing a motion for a new trial, the court must view the evidence in the light most favorable to the prevailing party.[3] "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence."[4] With regard to a party seeking a new trial on the basis that the verdict was not supported by the evidence, "the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence."[5]

Defendant has also moved for a stay of execution pursuant to Fed. R. Civ. P. 62(b). The Court is authorized to stay execution of judgment pending the disposition of certain post-trial motions.[6] Rule 62(b) states that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of judgment . . . pending disposition of [post-trial motions under Rules 50, 52(b), 59, or 60]."[7]

---

[1] *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *Sanjuan v. IBP, Inc.*, 275 F.3d 1290, 1297 (10th Cir. 2002).

[2] *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991).

[3] *Escue v. N. Okla. College*, 450 F.3d 1146, 1156 (10th Cir. 2006).

[4] *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

[5] *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009).

[6] Fed. R. Civ. P. 62(b).

[7] *Id.*

## II. Discussion

### 1. Verdict Contrary to the Weight of the Evidence

Defendant moves for a new trial on the basis that jury's verdict was contrary to the weight of the evidence. In support of this position, Defendant briefly argues that the testimony does not show that an offer was made.[8] An exhaustive analysis reviewing the arguments and evidence from trial is not needed. Ample evidence supported the jury's verdict, and the verdict is not clearly or overwhelmingly against the weight of the evidence. Defendant's motion for new trial is denied.

### 2. Stay of Execution

Defendant argues that pending the disposition of its motion for new trial that execution should be stayed under Fed. R. Civ. P. 62(b). As the Court has denied Defendant's motion for new trial, Defendant's motion for stay of execution is denied as moot.

**IT IS ACCORDINGLY ORDERED** this 12th day of January, 2010 that Defendant's Motion for New Trial (Doc. 152) is hereby denied.

**IT IS FURTHER ORDERED** that due to the Court denying Defendant's Motion for New Trial, Defendant's Motion for Stay of Execution (Doc. 152) is hereby denied as moot.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] Defendant makes no argument as to the joint venture claim.